McDOUGALD vs. MAITLAND, KENNEDY & CO.

Where a case is to be transferred from an old county to a new one, lost Court papers in the case must be established, before the transfer, in the old county, and, until the Court papers have been turned over to the new county, there can be no prosecution of the case there, nor default in failing to prosecute it there.

Motion, etc., in Chattahoochee county.   Decision by Judge KIDDOO, June Term, 1859.

The bill of exceptions sets forth the facts of this case as follows:

William Dougherty, Esq., moved the Court to grant an order, placing upon the docket of said Court a claim case of Maitland, Kennedy & Co., plaintiffs in *fi. fa.*, against James C. Watson, defendant, and Duncan McDougald, claimant; and in support of said motion exhibited the papers in the case, and two orders granted by the Superior Court of Muscogee county, ordering the papers in the case transferred to

McDougald *vs.* Maitland, Kennedy & Co.

this county. Said Dougherty stated that the land levied on was in the county of Chattahoochee, and that, when the first order was taken, the affidavit, bond and execution in the case were lost or mislaid ; that the affidavit and bond, after diligent search, were not found until about twelve months since ; and that the *fi. fa.* was not found until after the last term of this Court ; and that the papers were not transferred sooner because of said loss. And he further stated : That he could not establish the bond and affidavit because he had never seen them ; that the sheriff, on whose affidavit they had been once established, was dead, and, therefore, he continued the search, as before stated.

The claimants showed the claim docket of this Court, on which the case was entered, and that a certified copy of the first order, transferring the case, was brought from Muscogee, and the case put on said claim docket ; and, also, an order on the minutes of the Court, at the August Term, 1858, dismissing the levy in the case.

The plaintiff's counsel then showed that the case was on the appeal docket in Muscogee, and should have been placed on the same docket in this Court ; that he had no notice of the order dismissing the levy, and did not know of the same until to-day ; that he had not attended the previous terms of the Court because of the loss of the papers aforesaid—believing the same had not been transferred.

On this showing of counsel for plaintiff, the Court granted an order, rescinding the former order dismissing the levy, and ordered the papers to be filed and the case placed on the docket for trial.

The counsel for claimant excepted thereto.

JOHNSON & SLOAN, for the plaintiff in error.

DOUGHERTY, *contra.*

*By the Court.*—STEPHENS, J., delivering the opinion.

This levy had been dismissed at a prior term of the Chattahoochee Court for want of proper prosecution without notice to the plaintiff in execution, or his counsel, and the propriety of reinstating the case, turns upon the question :

Which was the proper county in which to establish the lost papers in the case, Muscogee, the old county, which had to transfer the case, or Chattahoochee, the new county, which had to receive it? The old county is the most convenient place for establishing the lost papers, because there are the officers who are most likely to have a knowledge of the papers which are to be established. But the old county is the proper place, for a stronger reason. The Court, there, has to transfer the case, and a very essential part of the transfer is the turning over of the Court papers which are necessary to the further prosecution of the case, and when these papers are *lost,* they must be established *before* they can be turned over. The old county, therefore, is the proper place for prosecuting the case up to the point of putting it in condition to be transferred, and before this point was reached, the plaintiff could not be in default in failing to prosecute it in the new county. Before then, he could not prosecute it in the new county, for it was not there. For any remissness in prosecuting the case before the turning over of the papers, the old county, where the case was, was the proper place to move, and not the new county, where it was not. We think the case was properly allowed to be entered on the docket in Chattahoochee county, where the Court papers, pertaining to it, were turned over by the Court in Muscogee.

Judgment reversed.